COURT OF APPEALS
DECISION
DATED AND FILED

January 30, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP47-CR**

Cir. Ct. No. 2021CF395

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

JACOB ALLAN BERTELSEN,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Douglas County: KELLY J. THIMM, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jacob Bertelsen appeals from a judgment convicting him of two felonies and from an order denying his postconviction

motion. Bertelsen contends that: (1) evidence seized from his vehicle without a warrant should have been suppressed; and (2) his attorney provided constitutionally ineffective assistance by failing to argue that the automobile exception to the warrant requirement did not apply here because Bertelsen's vehicle was not readily mobile.

¶2      We conclude that Bertelsen forfeited his right to directly challenge whether the automobile exception applies in this case. We further conclude that Bertelsen's attorney did not perform deficiently by failing to raise the mobility issue because it is an area of unsettled law, especially under the facts of this case. Accordingly, we affirm.

## BACKGROUND

¶3      Police officers responding to a call of a disturbance discovered Bertelsen and another man, Michael Valentine, standing beside two vehicles connected by jumper cables in a parking lot shared by several businesses, including an O'Reilly Auto Parts store. Valentine told the officers that he was an off-duty employee of O'Reilly's and had been "banging" on the fuel pump of Bertelsen's vehicle, trying to fix it, while also attempting to jump start the vehicle.

¶4      The officers recognized Bertelsen and arrested him for violating a temporary restraining order earlier in the day. One of the officers walked over to Bertelsen's vehicle and through the window observed what appeared to be a methamphetamine pipe in plain view. The officer then searched the vehicle and recovered baggies of methamphetamine and other drug paraphernalia.

¶5      The State charged Bertelsen with possession of methamphetamine with intent to deliver and several other offenses. Bertelsen moved to suppress the

evidence seized from his vehicle, challenging whether the officer had probable cause for the search. After the circuit court denied the suppression motion, Bertelsen pled guilty to the drug charge and a bail jumping count, in exchange for the dismissal of six other charges and a joint sentencing recommendation, consisting of four years' initial confinement followed by four years' extended supervision. The court accepted Bertelsen's pleas and followed the parties' sentence recommendation.

¶6 Bertelsen then moved to withdraw his pleas on the basis of ineffective assistance of counsel. Bertelsen alleged that his trial attorney should have raised an additional ground for suppressing the evidence seized from Bertelsen's car—namely, that the automobile exception to the warrant requirement did not apply because Bertelsen's vehicle was not readily mobile.

¶7 At an evidentiary hearing on the plea withdrawal motion, Bertelsen's trial attorney testified that he had no strategic reason for failing to raise the vehicle mobility issue; he merely did not think of it. Valentine testified that due to the fuel pump issue, Bertelsen's vehicle was not working and was not able to be driven away during the entire time that the police were at the scene. Valentine could not recall whether he informed the officers that the vehicle was inoperable. Valentine also did not know what was causing the fuel pump issue, noting that it could be anything from a loose wire, to a plugged fuel filter, to the vehicle being out of gas. He had hooked up the jumper cables to ensure that the fuel pump had sufficient voltage to work. Valentine thought that he might have been able to get the vehicle running again if he would have had more time to work on it before the police arrived. He stated that the vehicle was towed away from the parking lot the following day.

¶8    The officer who conducted the search testified that, aside from seeing an open hood and jumper cables attached to the battery, he did not observe anything that would lead him to believe that Bertelsen's vehicle was inoperable. The vehicle was not on blocks or missing any parts, and it did not have any flat tires. As far as the officer knew, the vehicle would be fine if it could be jump started.

¶9    The circuit court denied the plea withdrawal motion, reasoning that the officer who conducted the search could reasonably have believed that Bertelsen's vehicle was readily mobile. The court further noted that Bertelsen's trial attorney did not perform deficiently by failing to raise what the court deemed to be a novel legal issue. Bertelsen now appeals, claiming that the evidence seized from his car without a warrant should have been suppressed based upon his car's lack of ready mobility and that his attorney provided ineffective assistance of counsel by failing to raise that issue.

## DISCUSSION

¶10    As a threshold matter, Bertelsen acknowledges that he failed to preserve his right to direct review of the vehicle mobility issue because he did not raise it in his suppression motion prior to entering his plea. Bertelsen nonetheless asks this court to disregard his forfeiture and address the issue on the merits because it involves a question of law rather than of fact, it has been fully briefed by the parties, and it is of sufficient public interest to merit a decision. *See State v. Counihan*, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530 (explaining that forfeiture is a doctrine of judicial administration). We are not persuaded, however, that the factual scenario presented here recurs so frequently as to warrant

a decision. We will therefore examine the vehicle mobility issue only within the context of Bertelsen's related claim of ineffective assistance of counsel.

¶11 To establish that counsel has provided constitutionally ineffective assistance, a defendant must prove two elements: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. *State v. Sholar*, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89. We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless they are clearly erroneous. *Id.*, ¶35. However, whether counsel's conduct violated the constitutional standard for effective assistance is ultimately a legal determination that this court decides de novo. *Id*. We need not address both elements of the test if the defendant fails to make a sufficient showing on one of them. *State v. Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12. Here, we conclude that Bertelsen has failed to establish deficient performance by his trial attorney.

¶12 In order to demonstrate deficient performance, a defendant must overcome a presumption that counsel's actions fell within a wide range of professional conduct. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Under prevailing professional norms, counsel is not required to take action in an area where the law

is unsettled. *State v. Hanson*, 2019 WI 63, ¶28, 387 Wis. 2d 233, 928 N.W.2d 607.

¶13 The automobile exception to the warrant requirement of the Fourth Amendment allows police to search a vehicle if it is "readily mobile and probable cause exists to believe it contains contraband." *State v. Marquardt*, 2001 WI App 219, ¶29, 247 Wis. 2d 765, 635 N.W.2d 188 (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)). In *Marquardt*, this court held that a vehicle that was in working order, but was inaccessible to the defendant because it had been impounded by the police, was still readily mobile. *Id.*, ¶¶40-43. Neither *Marquardt* nor any other Wisconsin case brought to our attention addresses what condition a vehicle must be in to be considered readily mobile. For instance, could a vehicle be considered readily mobile if it were temporarily disabled by a dead battery or flat tire? Could the possibility that a vehicle may be moved by being towed suffice?

¶14 The parties each cite cases from other jurisdictions that have addressed similar questions. Because those cases are persuasive only, and not binding on this court, we conclude that the law regarding what constitutes a readily mobile vehicle remains unsettled in Wisconsin. Consequently, Bertelsen's attorney was not obligated to raise the issue in his suppression motion, *see Hanson*, 387 Wis. 2d 233, ¶29, and the circuit court properly denied Bertelsen's motion for plea withdrawal.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).